```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


BERNICE JACK                                CIVIL ACTION

VERSUS                                      NO: 10-658

AMERICAN SECURITY INSURANCE                 SECTION: "A" (2)
CO.
```

## ORDER AND REASONS

Plaintiff filed this suit to recover under a lender-placed homeowner's policy for damages sustained during Hurricane Katrina.  Defendant American Security issued the policy.  Plaintiff relies upon 28 U.S.C. § 1332, diversity jurisdiction, for subject matter jurisdiction in federal court.

Defendant has filed a motion to dismiss this action for lack of subject matter jurisdiction contending that the amount in controversy does not exceed $75,000.  Defendant points out that the policy at issue had a limit of $54,000, and that only $34,613.13 remained available under the policy when this lawsuit was filed.[1]  Defendant contends that even accounting for the claim for attorney's fees and penalties, the jurisdictional amount is not satisfied.

Defendant's motion to dismiss was originally set for hearing

---

[1] Plaintiff initiated this action on February 22, 2010, via amended complaint after it was severed from Adams v. American Security Co., CA09-2609, having been previously consolidated into the In re Katrina Canal Breaches Consolidated Litigation.

1

on September 15, 2010.  Plaintiff did not file an opposition to the motion but the Court declined to simply default Plaintiff given potential problems with prescription if Plaintiff were to attempt to refile this case in state court.  The Court therefore continued the motion and ordered Plaintiff to file his opposition.  Plaintiff has now responded and Defendant has filed its reply.

Diversity jurisdiction exists when the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.[2]  28 U.S.C. § 1332(a).  The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it.  St. Paul Reinsurance Co. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998) (citing Gaitor v. Peninsular & Occidental S.S., 287 F.2d 252, 253-54 (5th Cir. 1961)).  The sum claimed by the plaintiff controls if the claim is made in good faith.  Id. (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938)).  To justify dismissal "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." Id. (quoting St. Paul Mercury, 303 U.S. at 289).  Bare allegations of jurisdictional facts are not sufficient to support federal court jurisdiction. Id. (quoting Asociacion Nac. de Pescadores a Peq. Esc. o Art. de Colom. v. Dow

---

[2] The second requirement for diversity jurisdiction, diversity of citizenship, is not at issue.

Quimica de Colom. S.A., 988 F.2d 559, 566 (5th Cir. 1993)).

Less than $35,000 remains payable under the policy and Plaintiff had previously made a demand of $22,682.49 for additional losses.  (Rec. Doc. 8-5; Rec. Doc. 10, Exh. A).  As the Court noted in its prior order, with so little remaining under the policy Plaintiff's burden of establishing that the jurisdictional amount is satisfied via extra contractual damages would be more difficult but not impossible.  But Plaintiff's opposition does nothing to expound upon her claim for extra contractual damages, which may or may not exist.  If they do exist, nothing suggests that they add enough to Plaintiff's principal demand to meet the jurisdictional minimum of this Court.

Plaintiff argues in opposition that the jurisdictional amount was met when the Adams lawsuit was filed because this action was part of a mass action joinder that included class action allegations.  See note 1 supra.  This same argument has been repeatedly rejected by other judges in this district.  (Rec. Docs. 14-1, 14-2, 14-3).  Plaintiff has filed this lawsuit anew and she must establish that jurisdiction in federal court is proper for her claim.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 8)** filed by defendant American Security Co. is **GRANTED.**  Plaintiff's

3

complaint is **DISMISSED** without prejudice for lack of subject matter jurisdiction.

October 4, 2010

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE